DONALD C. FELTON and MARIANNE V. FELTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Felton v. Commissioner
Docket No. 3120-80.
United States Tax Court
T.C. Memo 1982-11; 1982 Tax Ct. Memo LEXIS 741; 43 T.C.M. (CCH) 278; T.C.M. (RIA) 82011; January 11, 1982. William W. Oliver, for the petitioners. Deborah Gehring, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies of $ 1,354.00 and $ 1,429.63 in petitioners' Federal income tax for 1977 and 1978, respectively. The only issue for decision is whether certain travel expenses incurred in 1978 are non-deductible personal expenses or ordinary and necessary business expenses deductible under section 162. [1]
*742 FINDINGS OF FACT Some facts have been stipulated and are found accordingly. Petitioners, Donald C. Felton and Marianne V. Felton, were residents of Indiana when they filed their petition in this case. In 1961, Donald C. Felton retired from the army, and petitioners moved to Bloomington, Ind., so he could attend Indiana University. After obtaining a degree, he accepted employment with Indiana University in Bloomington and remained in that position through the years in issue. In 1968, Marianne V. Felton (hereinafter petitioner) enrolled in Indiana University in Bloomington and received her Master's degree in 1971. Her specialty is cultural economics. She was unable to find satisfactory employment in that field in the immediate Bloomington area. For a while, she taught part-time in Indianapolis, which is about 50 miles from Bloomington. During the academic years 1976-1977 and 1977-1978, petitioner was employed on a temporary basis as a Visiting Lecturer in Economics at Indiana University Southeast in New Albany, Ind. While New Albany is approximately 100 miles from Bloomington, petitioner did not move her personal residence to New Albany. [2]
*743 For the academic year 1978-1979 (August 15, 1978, to May 15, 1979), petitioner obtained a full-time, permanent position at Indiana University Southeast in New Albany. From August through December 1978, she was a Lecturer. Effective January 1979, she became an Assistant Professor of Economics--a promotion which carried not only the benefits of a salary increase but the benefits of tenure credit as well. Her promotion resulted from her successful completion of a Ph.D. in Economics at Indiana University in Bloomington in December 1978. [3]
Although petitioner's employment in New Albany became permanent in August 1978, she still did not move her personal residence there. Petitioner arranged her schedule whereby she taught on Monday nights, Tuesday mornings, Wednesday nights and Thursday mornings, and she maintained office hours in New Albany on those days. With that schedule, petitioner was able to limit her nights in New Albany to two each week. Thus, she would drive to New Albany on Monday, return to Bloomington on Tuesday, drive to New Albany on Wednesday, *744 and return to Bloomington on Thursday. On the nights she stayed in New Albany, petitioner rented a room. Petitioner calculates that she spent an average of 22 hours each week working in New Albany. As a lecturer at Indiana University Southeast, petitioner was expected to do scholarly research as well as to teach classes. [4] Some of her preparation and most of her research was done in Bloomington. By petitioner's calculation, she spent an average of 30 hours each week working in Bloomington. Petitioner's research was aimed at three related goals: (1) keeping abreast of developments in her field; (2) completing her doctorate dissertation; and (3) preparing scholarly articles and papers. The library facilities at Bloomington are more expansive than those at New Albany. While materials could be obtained by the New Albany library from the Bloomington library through inter-library loan, some journals and reference books were unavailable through that system. There was also a computer center in Bloomington which petitioner considered essential to her work. In general, professors in the *745 Indiana University Southeast Economics Department made three or four trips to Bloomington each year to use the facilities there. From August 1978 through December 1978, petitioner incurred expenses of $ 1,701.03 traveling between New Albany and Bloomington. In his statutory notice of deficiency, respondent disallowed the deduction of those expenses. [5]
OPINION The issue presented is whether expenses incurred by petitioner Marianne V. Felton in traveling between Bloomington and New Albany from August 1978 through December 1978 are section 162 ordinary and necessary business expenses or section 262 nondeductible personal expenses. Respondent contends petitioner's "tax home" was New Albany, and the expenses she incurred were nondeductible commuting expenses. Respondent also maintains since petitioner's choice to live in Bloomington was personal, the *746 expenses were not incurred in the pursuit of a trade or business. Petitioner contends Bloomington was her "tax home," and her expenses are deductible as "away from home" traveling expenses under section 162(a)(2). Additionally, petitioner argues the deduction should be allowed, because it was unreasonable to expect her to move her personal residence to New Albany. Section 162(a)(2) permits a taxpayer to deduct traveling expenses, including meals, lodging, and transportation, incurred while "away from home" in the pursuit of a trade or business. See also . The purpose of that deduction is "to mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur additional and duplicate living expenses." (Emphasis added). Thus, it is the expenses arising from business considerations that fall within section 162(a)(2). With that in mind, this Court has consistently interpreted "home," as it is used in section 162(a)(2), as referring to the vicinity of a taxpayer's principal *747 place of business, rather than to the taxpayer's personal residence. ; , affd. ; , affd. . In determining a taxpayer's "home," an objective test applies. . While that test has occasionally been stated as an inquiry into whether it would be reasonable for a taxpayer to move his personal residence to the vicinity of the business location under consideration, that does not mean that subjective elements, such as personal preference or family location, come into play. See generally . See also . In the case before us, we find petitioner Marianne v. Felton's tax "home" was in New Albany during the period in issue. The focal point of a university lecturer's duties is teaching in the classroom and dealing with students. Those duties take *748 place almost exclusively on campus. While research is an integral part of the job, in most cases it can be accomplished principally on campus. We are unconvinced this case is any different. Petitioner's teaching and interaction with students occurred in New Albany. While some of her research necessarily was done in Bloomington, most of it could have been done in New Albany. It appears to us petitioner chose to center her research activities in Bloomington for personal reasons. Those reasons can play no part in the determination of her tax "home." As the Circuit Court of Appeals for the Eighth Circuit said, "The job, not the taxpayer's pattern of living, is the crucial matter." . [6]
*749 Having found petitioner's tax "home" was New Albany, the expenses at issue herein cannot be deducted under section 162(a)(2) simply because petitioner was not away from that "home" when those expenses were incurred. [7] Viewed as expenses of traveling from Bloomington to New Albany, petitioner's expenses are nondeductible costs of commuting. [8]
*750 To reflect concessions and the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. During the academic years 1976-1977 and 1977-1978, petitioner incurred expenses of $ 5,128.53 traveling between Bloomington and New Albany. For purposes of this case, respondent concedes that during those years petitioner's employment was temporary, and her travel expenses are thus deductible.↩
3. Petitioner's dissertation was completed in early November 1978 and successfully defended on December 4, 1978.↩
4. There were also some minor administrative duties attached to petitioner's employment.↩
5. In his statutory notice of deficiency, respondent also disallowed the deduction of travel expenses incurred by petitioner during the academic years 1976-1977 and 1977-1978. As previously noted, respondent now concedes the deductibility of those expenses because petitioner's employment during those years was temporary.↩
6. As part of her "reasonable to move" argument, petitioner argues that failure to consider personal elements in a case such as hers puts undue strain on two job families. While petitioner's point perhaps is appealing sociologically, it has no basis in law. See ; . See also (Murnaghan, J., concurring), revg. , and affg. .↩
7. Having found that petitioner's expenses are not deductible under sec. 162(a)(2) because she was not "away from home," we do not address respondent's argument concerning "in pursuit of a trade or business." However, see the discussion in . ↩
8. Petitioner makes no argument concerning the deductibility of any transportation expenses for traveling from her tax "home," New Albany, to Bloomington to do any research which could not be done in New Albany. Therefore, we do not address that question. However, see , and note concession made in , affd. .↩